Monique J. Ojeda (Wyo. Bar. No. 6-3854)
Jackson & Ojeda, LLC
2300 Pioneer Avenue
Cheyenne, WY 82001
307-634-5735
ATTORNEY FOR PLAINTIFF

## IN THE DISTRICT COURT FOR THE FIRST JUDICIAL DISTRICT

## STATE OF WYOMING, COUNTY OF LARAMIE

### Docket Number 2023-CV-020/205

| | |
|---|---|
| KIRBIE BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| FARMERS INSURANCE EXCHANGE | ) |
| AND MID-CENTURY INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |

**FILED**

FEB 03 2023

DIANE SANCHEZ
CLERK OF THE DISTRICT COURT

---

## COMPLAINT

---

Plaintiff, for her claims for relief against Defendants, alleges as follows:

### JURISDICTIONAL FACTS

1.  Plaintiff was at all times relevant herein a resident of Cheyenne, Laramie County, Wyoming.

2.  Defendant Farmers Insurance Exchange (hereinafter "Farmers") is an automobile insurance company with Mid-Century Insurance Company as the underwriter. Farmers is authorized to conduct the business of insurance in the State of Wyoming and are subject to the laws and regulations pertaining to such business in the State

of Wyoming. Defendant Farmers is believed to be a California corporation.

3.    All facts relevant to Plaintiff's claims for relief occurred in or arose in the State of Wyoming.

4.    The amount in controversy is sufficient to invoke the jurisdiction of the District Court, First Judicial District, Laramie County, Wyoming, and venue is proper therein.

### FACTS COMMON TO ALL CLAIMS FOR RELIEF

5.    Plaintiff alleges and realleges the allegations contained in paragraphs 1 through 4, above, and incorporates them by reference herein.

6.    On February 4, 2019, Plaintiff was insured under Defendants' automobile insurance policy, Policy No. 0199650486, which provided uninsured motorist coverage in the amounts of $100,000 per person and $300,000 per accident. Plaintiff contracted for this insurance coverage and paid all premiums which were due on the subject policy.

7.    On February 4, 2019, in Cheyenne, Wyoming, while driving an automobile covered by the above-referenced automobile insurance policy, Plaintiff was negligently struck from behind by an uninsured vehicle driven by Porter Brown, IV. As a direct result of Porter Brown, IV's negligence, Plaintiff suffered bodily injuries that are permanent and disabling and incurred medical bills for which Porter Brown, IV was and is liable because of his negligence. Since, Porter Brown, IV and the vehicle he was driving were not insured at the time of the accident, there was no liability insurance coverage to compensate Plaintiff for the injuries and damages caused by the accident, which included permanent personal injury to Plaintiff's left shoulder.

8.    As a proximate result of Porter Brown, IV's negligence, Plaintiff suffered the

following damages:

a.   Past and future medical expenses in an amount exceeding $34,000.00;

b.   Past and future wage loss and loss of earning capacity in an amount to be more specifically proven at trial;

c.   Past and future loss of enjoyment of life and disability in an amount to be more specifically proven at trial;

d.   Past and future physical pain and suffering in an amount to be more specifically proven at trial; and,

e.   Past and future mental and emotional pain and suffering in an amount to be more specifically proven at trial;

9.   There are no other unnamed parties providing any liability insurance coverage for the accident which resulted in the personal injuries to Plaintiff.

10.  Despite repeated demands for payment of the full uninsured policy limits of $100,000, and after having received all relevant films, medical records, billings, wage information, and other information bearing on Plaintiff's entitlement to benefits under the subject policy, Defendant made a final settlement offer to Plaintiff of $39,404.03 on January 19, 2023. This offer appears to be for medical bills outstanding and a portion of lost wages, and does not include any pain and suffering.

11.  Plaintiff purchased the above-referenced policy and particularly the uninsured motorist coverage to protect them from the very circumstances which form the subject matter of this litigation, i.e. being struck and injured by a motorist with no liability insurance coverage. Defendants were aware of Plaintiff's desires and needs with respect to uninsured motorist coverage; and the policy at issue was sold to Plaintiff as satisfying their desires and needs with respect to uninsured motorist coverage.

However, following Plaintiff's accident and injuries, when Plaintiff submitted a claim for benefits under the uninsured provisions of his policy, Defendant failed or refused to honor the terms of the policy and their duties under Wyoming law.

12.    Despite repeated demands for payment under the referenced policy, Defendants have failed or refused to honor the obligations of the contract. The coverage afforded under the policy and the amount owing as a result of Plaintiff's injuries are not fairly debatable.

## FIRST CLAIM FOR RELIEF

## BREACH OF CONTRACT

13.    Plaintiff alleges and realleges the allegations contained in paragraphs 1 through 12, above, inclusive, and incorporates them by reference herein.

14.    Defendants' failure or refusal to pay Plaintiff for losses and damages sustained in the accident which forms the subject matter of this litigation under the uninsured motorist coverage of the policy at issue constitutes a breach of the insurance contract.

15.    As a direct and proximate result of Defendants' breach of Plaintiff's insurance contract, Plaintiff has been deprived of the insurance benefits she contracted for and to which she is entitled, and she is entitled to compensation in an amount to be more specifically proven at trial.

## SECOND CLAIM FOR RELIEF

## BAD FAITH

16.    Plaintiff alleges and realleges the allegations contained in paragraphs 1 through 15, above, inclusive, and incorporates them by reference herein.

17.    At all times herein, Defendants had an obligation to deal with Plaintiff fairly and in

good faith, and to accord Plaintiff's interests as much attention and care as they accorded their own interests; to fairly, thoroughly and expeditiously evaluate Plaintiff's claim under the uninsured motorist coverage of the policy and to render a fair and good faith decision regarding coverage; to not engage in any action (or inaction) which would harm the Plaintiff personally; to protect the interests of the Plaintiff as they would protect their own, and in all cases to deal with Plaintiff honestly and reasonably, considering the terms and provisions of the insurance policy at issue and the incident which occurred on February 4, 2019, as well as damages sustained as a result thereof. In addition, Defendants owe Plaintiff the duties set forth in Wyo. Stat. Ann. §26-13-124 and 26-15-124, which are incorporated by reference herein.

18. Defendants negligently and/or intentionally and/or willfully and wantonly failed or refused to fulfill the duties alleged in paragraph 17 above, and specifically has engaged in the following acts of bad faith:

   a. Failing and/or refusing to thoroughly, adequately and completely investigate and evaluate the claims arising out of the accident occurring on February 4, 2019.

   b. Failing to accord Plaintiff's interests as much attention and care as they accorded their own.

   c. Failing to acknowledge and act reasonably and promptly upon communications with respect to claims arising under the referenced policy.

   d. Failing to adopt and implement reasonable standards for the prompt and reasonable investigation of claims arising under the policy.

   e. Not attempting in good faith to effectuate a prompt, fair and equitable settlement of the Plaintiff's claims in which coverage is reasonably clear.

   f. Compelling Plaintiff to institute litigation to recover amounts due under the

policy by offering in settlement an amount far less than the reasonable value of the claim.

g.  Attempting to settle the claim for less than the amount to which a reasonable person would have believed he was entitled by reference to written or printed advertising material accompanying or made a part of the application for insurance.

h.  Failing to promptly provide a reasonable explanation for the basis for the denial of Plaintiff's claim.

19.  As a proximate result of the aforementioned wrongful conduct, Plaintiff has suffered the damages alleged in paragraph 8, above, and is entitled to an award of compensatory damages therefor, plus general damages in an amount to be more specifically proven at trial.

## THIRD CLAIM FOR RELIEF

## WILLFUL AND WANTON MISCONDUCT

20.  Plaintiff alleges and realleges the allegations contained in paragraphs 1 through 19, above, inclusive, and incorporates them by reference herein.

21.  Defendants' conduct in failing or refusing to honor and fulfill its duties to Plaintiff constitutes willful and wanton misconduct for which an award of punitive or exemplary damages is warranted, said punitive damages to serve as a deterrent to Defendants and others similarly situated, to prevent them from engaging in such conduct in the future.

## FOURTH CLAIM FOR RELIEF

## UNFAIR CLAIM SETTLEMENT PRACTICES

22.  Plaintiff alleges and realleges the allegations contained in paragraphs 1 through 21, above, inclusive, and incorporates them by reference herein.

23.   Defendants owed Plaintiff the following specific duties under Wyoming Statute § 26-13-124:

    a.   The duty not to misrepresent pertinent facts or insurance policy provisions relating to coverages at issue;

    b.   The duty to adopt and implement reasonable standards for the prompt investigation of claims arising under their insurance policies;

    c.   The duty to acknowledge and act reasonably promptly upon communications with respect to claims arising under their insurance policies;

    d.   The duty to conduct a reasonable investigation based upon all available information;

    e.   The duty to attempt in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claim after liability became reasonably clear;

    f.   The duty not to compel Plaintiff to institute litigation to recover amounts due Plaintiff under their policy by offering substantially less than the amount ultimately recovered by Plaintiff;

    g.   The duty not to attempt to settle Plaintiff's claim for less than the amount to which a reasonable person would have believed he was entitled by reference to written or printed advertising material accompanying or made a port of the an application.

24.   Defendants breached some or all of the aforementioned duties by:

    a.   Misrepresenting pertinent facts or insurance policy provisions relating to the coverages at issue;

    b.   Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under their insurance policies;

    c.   Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under their insurance policies;

    d.   Failing to conduct a reasonable investigation based upon all available information;

    e   Failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claim after liability became reasonably clear;

    f.   Compelling Plaintiff to institute litigation to recover amounts due Plaintiff

under Defendants' policy by offering substantially less than the amount ultimately recovered by Plaintiff;

g.  Failing to attempt to settle Plaintiff's claim for less than the amount to which a reasonable person would have believed he was entitled by reference to written or printed advertising material accompanying or made a port of the an application.

## FIFTH CLAIM FOR RELIEF

### ATTORNEY FEES

25.  Plaintiff alleges and realleges the allegations contained in paragraphs 1 through 24, above, inclusive, and incorporates them by reference herein.

26.  Defendants' failure and/or refusal to pay the full amount of the loss covered by the policy is unreasonable and without cause, and Plaintiff is thus entitled to an award of the full policy limits of the referenced policy, plus interest, attorney fees and costs of litigation under Wyo. Stat. Ann. §26-15-124.

WHEREFORE, Plaintiff prays for judgment against Defendants for compensatory damages, punitive damages, interest, attorney fees and costs, and such other and further relief as the Court may deem just and equitable in the premises.

DATED this 3rd day of February, 2023.

Monique J. Ojeda
Jackson & Ojeda, LLC
2300 Pioneer Avenue
Cheyenne, WY 82001
307-634-5735
Attorney for Plaintiff